IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) ) Case No. 2:22-mj-60  **Filed Under Seal** |

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Charter Communications, Inc., an Internet service provider, headquartered in Saint Louis, Missouri, to disclose certain records and other information pertaining to IP address 24.31.184.153 used from September 14, 2021, at 10:26:52 UTC (universal time coordinated) to September 15, 2021, at 03:59:59 UTC (universal time coordinated), as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Charter Communications, Inc. is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Charter Communications, Inc. to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated.

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States, along with the Federal Bureau of Investigation (FBI), is investigating Yousif Amin Mubarak as it relates to possible violations of 18 U.S.C. § 875(c), Transmission of a Threat in Interstate Commerce. On November 18, 2021, a federal grand jury indicted Mubarak on two counts of violating 18 U.S.C. § 875(c) for threats made via the telephone in September 2021. The investigation into other calls made during that same period using spoofed phone numbers continues.

5. On January 27, 2022, TextNow Inc., a company that provides "spoofing" applications, provided information in response to a federal grand jury subpoena that an unidentified telephone number, to wit 614-756-3669, called 614-833-2157, which belongs to Canal Winchester High School, located at 300 Washington Street, Canal Winchester, OH 43110, at approximately 6:40 a.m. EDT on September 14, 2021. The caller stated, in part, that "you need

2

to get the women and children out of the building, we have a suicide bomber in the building." Due to the threat of injury, extra police officers were dispatched to the school and students were authorized excused absences. TextNow Inc. records indicate that the unidentified telephone number 614-756-3669 is associated with IP address 24.31.184.153 used from September 14, 2021, at 10:26:52 UTC (6:26:52 a.m. EDT), to September 15, 2021, at 03:59:59 UTC (11:59:59 p.m. EDT). Subsequent queries of the above-mentioned IP address indicated that the Internet Service Provider is Spectrum.com, which is a parent company of Charter Communications, Inc. Further, Charter Communications, Inc. manages records for Spectrum.

## REQUEST FOR ORDER

6. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Charter Communications, Inc. be directed to produce all items described in Part II of Attachment A to the proposed Order.

7. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

KENNETH L. PARKER
UNITED STATES ATTORNEY


_____
JESSICA W. KNIGHT (0086615)
Assistant United States Attorney
Southern District of Ohio
303 Marconi Boulevard, Suite 200
Columbus, OH 43215
Phone No.: (614) 469-5715
Fax No.: (614) 469-5653
Email: Jessica.Knight@usdoj.gov

ATTACHMENT A

I.        The Account(s)

The Order applies to certain records and information associated with the following IP address: 24.31.184.153 used September 14, 2021, 10:26:52 UTC to September 15, 2021, 03:59:59 UTC.

II.       Records and Other Information to Be Disclosed

Charter Communication, Inc. is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the period September 1, 2021, to September 21, 2021 regardless of whether such information is located within or outside of the United States:

    A.    The following information about the customers or subscribers of the Account:

        1.    Names (including subscriber names, usernames, and screen names);
        2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
        3.    Local and long-distance telephone connection records (including records of text messages sent and received);
        4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
        5.    Length of service (including start date) and types of service utilized;
        6.    Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
        7.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
        8.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information (not including the contents of communications) relating to the Account, including:

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

2. Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).

C. Access and activity logs.

D. User agent information and device ID information, including all devices used to access the Target Account and Apple or Android IDs.

E. All cookies associated with or used by any computer or web browser associated with the Target Account, including IP addresses, dates, and times associated with the recognition of any such cookie.

The Provider is hereby ordered to disclose the above information to the government within 10 days of issuance of this Order.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by Charter Communications, Inc., and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of Charter Communications, Inc. The attached records consist of _____ **[GENERALLY DESCRIBE RECORDS, SUCH AS: pages / CD(s) / megabytes]**. I further state that:

    a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of Charter Communications, Inc., and they were made by Charter Communications, Inc.as a regular practice; and

    b. such records were generated by Charter Communications, Inc.'s electronic process or system that produces an accurate result, to wit:

        1. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of Charter Communications, Inc.in a manner to ensure that they are true duplicates of the original records; and

  2. the process or system is regularly verified by Charter Communications, Inc., and at all times pertinent to the records certified here the process and system functioned properly and normally.

 I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____  _____
Date               Signature